UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SMTS GROUP, et al.,

       Plaintiffs,

v.

GREGORY HARDY,

       Defendant.

_____/

Case No. 1:17-cv-00453-RJJ

Honorable Robert J. Jonker

**REPORT AND RECOMMENDATION**

SMTS Group, LLC, the sole member of which is Sam Saboury (collectively SMTS), is Gregory Hardy's landlord. (*See* Complaint, 54-B Judicial District, Case No. 17-0419-LT, ECF No. 1-1, PageID.9). In April 2017, SMTS filed a complaint in the state district court in East Lansing, Michigan, seeking to evict Mr. Hardy from his East Lansing apartment for nonpayment of rent. (*See id.*, PageID.9-10). The only monetary damages sought is back rent in the amount of $550.00 per month plus $55.00 in late fees. (*Id.*).

Mr. Hardy removed the case to this Court, citing both diversity and federal question jurisdiction. (Notice of Removal, ECF No. 1). On May 25, 2017, SMTS filed a timely motion to remand, arguing that this Court has neither diversity nor federal question jurisdiction, and that the state court has exclusive jurisdiction over a

summary proceeding to recover possession of premises.  (ECF No. 8, 9).  Mr. Hardy responded.[1]  (ECF No. 17).

I conducted a hearing on June 23, 2017.  Having considered the parties' oral and written submissions, and for the reasons set forth herein, I recommend that SMTS' motion to remand (ECF No. 8) be granted pursuant to 28 U.S.C. § 1447(c).

## Discussion

A defendant in a state-court civil action may remove the matter to federal court if the federal court has original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  This is often referred to as "federal question" jurisdiction.  Federal courts also have original jurisdiction when there is diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  If the Court determines, after removal, that it lacks subject matter jurisdiction, it must remand the case to the state court from which it came.  *See* 28 U.S.C. § 1447(c).  The removing party bears the burden of establishing federal jurisdiction.  *See Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 948-49 (6th Cir. 1994).

---

[1] Mr. Hardy filed his response on June 23, 2017, the morning of the hearing on the motion.  I have considered his response notwithstanding the fact that it was untimely.

1.      Federal Question Jurisdiction

SMTS' complaint is plainly limited to one for eviction and back rent, which arises solely under state law. The only reference to a federal constitutional claim is found in Mr. Hardy's counterclaim, which consists of a copy of the complaint he filed in this Court in Case Number 1:17-cv-0338, against eleven defendants, including Mr. Saboury (but not SMTS). (*See* ECF No. 9-3). But this is manifestly insufficient to confer federal question jurisdiction.

"Whether a claim arises under federal law for purposes of federal question jurisdiction is governed by the 'well-pleaded complaint' rule, which provides that 'federal question exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint.' " *Archer v. Arms Technology, Inc.*, 72 F. Supp. 2d 784, 787 (E.D. Mich. 1999) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). "A corollary to the 'well-pleaded complaint' rule is that a defendant may not remove a case to federal court on the basis of an affirmative defense or counterclaim raising a federal question." *Archer*, 72 F. Supp. 2d at 787 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470 (1998); *Caterpillar, Inc.*, 482 U.S. at 393; *Switzer v. Hayes Wheels International, Inc.*, 976 F. Supp. 692, 694 (E.D. Mich. 1997); *Burke v. Northwest Airlines, Inc.*, 819 F. Supp. 1352, 1355 (E.D. Mich. 1993)). While there are a couple of limited exceptions to the "well-pleaded complaint" rule, *see Archer*, 72 F. Supp. 2d at 787, it is readily apparent that none apply to this case.

2.       Diversity Jurisdiction

A federal court has diversity jurisdiction if each party to the lawsuit is a citizen of a different state and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  For diversity purposes, citizenship is equivalent to domicile.  *See Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir. 1973) (citing *Gilbert v. David*, 235 U.S. 561, 569 (1915)).  A limited liability company's citizenship is defined by its members' citizenship.  *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990) (In cases involving artificial entities, other than corporations, "diversity jurisdiction in a suit by or against the entity depends on the citizenship of 'all the members' . . . ." (citations omitted)); *see also Homefeld II, LLC v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002) ("[A] limited liability company is not treated as a corporation and has the citizenship of its members." (citation omitted)).

As evident from the underlying lease, SMTS, Mr. Saboury, and Mr. Hardy are each residents of East Lansing, and each is domiciled in the State of Michigan.[2]  (*See* Summons, ECF No. 1-1, PageID.6; *see also* Residential Lease Agreement, ECF No. 1-1, PageID.11-15; Brief in Support of Pl's Motion to Remand at 6, ECF No. 9, PageID.39).  Moreover, there is nothing in the eviction complaint that suggests an amount in controversy approaching $75,000.  During the June 23 hearing, Mr. Hardy, who bears the burden of establishing federal jurisdiction, did not dispute any of these facts.

---

[2] "[A]n individual's 'domicile' is his 'true, fixed, and permanent home and principal establishment.' "  *Eastman v. University of Michigan*, 30 F.3d 670, 672-73 (6th Cir. 1994) (quoting BLACK'S LAW DICTIONARY 484 (6th ed. 1990)).

The only basis for finding an amount in controversy exceeding the jurisdictional amount is found in Mr. Hardy's counterclaim. As noted above, however, this Court cannot consider the counterclaim for purposes of evaluating diversity jurisdiction. *See Archer*, 72 F. Supp. 2d at 787.

## Recommendation

Accordingly, and for the reasons stated herein and on the record, I recommend that SMTS' motion to remand (ECF No. 8) be **GRANTED** and that the case be remanded to the 54-B Judicial District Court pursuant to 28 U.S.C. § 1447(c). Having found that this Court lacks both federal question and diversity jurisdiction, I need not address SMTS' assertion that the State of Michigan has exclusive jurisdiction over summary proceedings for eviction.

Dated:  July 5, 2017                              /s/  Phillip J. Green
                                                  PHILLIP J. GREEN
                                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).